861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Josephine SIMS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1791.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1988.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and THOMAS A. HIGGINS, District Judge.*
 PER CURIAM.
 
 
 1
 This matter originally came before this panel as an appeal from the denial of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 (West 1987). After successfully pursuing a claim for social security disability benefits, the plaintiff, Josephine Sims, sought attorneys' fees under the EAJA which were denied. The district court found that the government's position was "substantially justified" and that therefore the plaintiff was not entitled to attorneys' fees.
 
 
 2
 On appeal, plaintiff argued that this court's original decision in Riddle v. Secretary of Health and Human Services, 817 F.2d 1238 (6th Cir.), vacated and petition for reh'g en banc granted, 823 F.2d 164 (July 9, 1987), dictated a different result since a panel of this court interpreted "substantially justified" in a manner more favorable to the plaintiff than the interpretation placed on that language by the district court.
 
 
 3
 Since the original panel decision in Riddle was vacated, however, we held this case in abeyance pending either our determination in the en banc hearing of Riddle or the Supreme Court's decision in Pierce v. Underwood, 761 F.2d 1342 (9th Cir.1986), cert. granted, 107 S.Ct. 2177 (1987), which raised the same interpretive issue.
 
 
 4
 The Supreme Court has now decided Pierce v. Underwood, 108 S.Ct. 2541 (June 27, 1988),[1] and in interpreting the phrase "substantially justified," the Court did so in a manner consistent with the interpretation applied by the district court here and inconsistent with the definition suggested by the original Riddle panel of our court.
 
 
 5
 Accordingly, we conclude that Pierce v. Underwood has resolved this issue and dictates that the district court should be affirmed.
 
 
 
 *
 Honorable Thomas A. Higgins, United States District Court for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 The litigants in Riddle concede that Pierce v. Underwood controls that decision and have asked that the appeal be dismissed